■ DORIT VAN DER WILDEN, Respondent, v WILLEM VAN DER WILDEN, Appellant.—In an action to recover certain amounts due and owing under a separation agreement, defendant appeals from an order of the Supreme Court, Nassau County, entered April 30, 1975, which granted plaintiff's motion for partial summary judgment. Order affirmed, with $50 costs and disbursements. Defendant failed to establish that there were any material questions of fact requiring a plenary trial. Accordingly, partial summary judgment was properly granted. Hopkins, Acting P. J., Margett, Damiani, Christ and Hawkins, JJ., concur.

■ OSCAR WEISSGLASS, Respondent, v ROSE E. WEISSGLASS, Appellant.— In a matrimonial action, defendant appeals from an order of the Supreme Court, Richmond County, dated November 19, 1975, which denied her motion to (1) dismiss plaintiff's complaint for failure to state a cause of action or (2) in the alternative, compel the service of an amended complaint containing a more definite statement. Order modified by (1) deleting from the decretal paragraph thereof all words between the word "Ordered" and the words "the motion to dismiss is denied", and (2) by adding thereto the following decretal provision: "Ordered, that the alternative branch of defendant's motion is granted and plaintiff is directed to serve an amended complaint containing a more definite and concise statement of its cause of action in consecutively numbered paragraphs." As so modified, order affirmed, with one bill of $50 costs and disbursements to defendant. The amended complaint is to be served within 30 days of the service upon plaintiff of a copy of the order to be entered hereon, together with notice of entry thereof. In our opinion, Special Term was correct in denying defendant's motion to dismiss. The allegations of the complaint, as they now stand, are minimally sufficient to spell out a cause of action for divorce upon the ground of cruel and inhuman treatment. However, the seventh paragraph of the complaint, consisting of some thirteen and one-half pages of allegations, which is subdivided into 65 paragraphs, clearly violates the mandate of CPLR 3014 that: "Every pleading shall consist of *plain* and *concise* statements" (emphasis supplied). Accordingly, plaintiff shall serve an amended complaint concisely setting forth only allegations of serious misconduct by defendant, omitting the myriad of trivia which burdens the instant complaint and renders it practically impossible for defendant to interpose a responsive pleading (cf. *Matter of Schaefer,* 21 Misc 2d 577; *Joseph v Ervolina,* 285 App Div 1218; *Cohen v Pyramid Bond & Mtge. Corp.,* 235 App Div 811; *Isaacs v Washougal Clothing Co.,* 233 App Div 568, 572). Hopkins, Acting P. J., Cohalan, Christ, Shapiro and Titone, JJ., concur.