■ CHRISTINE BARSELLA, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. — Orders, Supreme Court, New York County (Pecora, J.), entered November 21, 1980, denying motion and cross motion of various defendants to dismiss the complaint, are unanimously reversed, on the law, with costs to appellants; (a) the cross motion of defendant City of New York to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) is granted, and the complaint is dismissed as to defendant city; (b) the motion of defendants Charles Sigety, Florence Nightingale Nursing Home, GYSE Realty, Inc., Signature Associates, Inc., and Signature Properties, to dismiss the complaint pursuant to CPLR 3013, 3014 and 3024, is granted with leave to plaintiff to serve and file an amended complaint against said defendants Charles Sigety, et al., within 20 days after service of a copy of the order determining this appeal, which amended complaint (i) shall consist of plain and concise statements, (ii) shall separately state and number causes of action and indicate the allegations which relate to each cause of action and give adequate notice of the material elements of each cause of action, and (iii) shall omit prejudicial and unnecessary allegations, including references to irrelevant other litigations, to the nursing home investigation, to alleged reports in the press, facts claimed to have been "widely reported", rumors, derogatory characterizations such as "slumlordism" and "front" corporations, and references to fires, robberies and other wrongs occurring in premises other than the building claimed to have been occupied by plaintiff. This is an action by a former tenant of a rent-controlled apartment against one Charles Sigety and various other defendants alleged to be operating in co-operation with him, based essentially on alleged harassment of plaintiff (and other tenants) in order to force them to vacate the premises to make way for defendant Sigety's proposed extension of his nursing home business. As to defendant City of New York, the complaint fails to allege what the city did or threatens to do that is a violation of plaintiff's rights. The allegation that the city issued a demolition permit "in contravention of its own regulations" is entirely conclusory in the absence of some showing of what regulation was supposed to have been contravened and the respect in which it was contravened. While the prayers for relief are not determinative of the sufficiency of a complaint, a request for an injunction enjoining the defendants "from all activities in connection with the 'target area' described in this complaint, so as to secure plaintiff in her ability to enforce any judgment of this Court which would direct restoration of the plaintiff to her previous place of residence [which has been demolished]" and "enjoining all conduct which would further the plan or scheme to expand the Florence Nightingale Nursing home in the 'target area' described in the complaint" is not even an acceptable effort at defining what it is the defendants are to be enjoined from doing. The

appellants, other than the City of New York, move to dismiss the complaint for failure to comply with the statutory requirements of pleading. A Justice of this court has granted leave to appeal from the denial of that motion. Plaintiff has not submitted any brief in opposition to the appeal by said defendants. The present complaint does not approach an acceptable effort to comply with the pleading requirements of CPLR 3013, 3014 and 3024. The complaint contains many obviously irrelevant and prejudicial allegations as well as much trivia. After 19 pages of allegations, the complaint for the first time refers to 11 separate causes of action without any indication of which allegations of the 19 preceding pages relate to any particular cause of action. As the court said in *Isaacs v Washougal Clothing Co.* (233 App Div 568, 572): "The court should not be compelled to wade through a mass of verbiage and superfluous matter in order to pick out an allegation here and there, which, pieced together with other statements taken from another part of the complaint, will state a cause of action. The time of the court should not be taken in a prolonged study of a long, tiresome, tedious, prolix, involved and loosely drawn complaint in an effort to save it." (Accord *Safer Beef Co. v Northern Boneless Beef,* 15 AD2d 479.) As the Second Department, Appellate Division, recently said in *Weissglass v Weissglass* (52 AD2d 582), plaintiff should serve "an amended complaint concisely setting forth only allegations of serious misconduct by defendant, omitting the myriad of trivia which burdens the instant complaint and renders it practically impossible for defendant to interpose a responsive pleading". Concur — Ross, J. P., Markewich, Silverman, Bloom and Fein, JJ.