■ MINDY STEINBLATT et al., Appellants, v IMAGINE MEDIA, INC., Respondent. [758 NYS2d 149] —In an action to recover damages for breach of contract and violation of New York General Business Law § 349, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Dunne, J.), dated March 18, 2002, which denied their motion for class certification and granted the defendant's cross motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendant's cross motion to dismiss the complaint because the plaintiffs failed to state legally cognizable claims alleging breach of contract and violation of General Business Law § 349 (*see Kaufman v International Bus. Machs. Corp.,* 97 AD2d 925, 927 [1983], *affd* 61 NY2d 930 [1984]; *cf. Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]). Although the plaintiffs claimed that the defendant's failure to fulfill a magazine subscription or send an immediate refund constituted a breach of contract, they failed to plead the existence of an agreement setting forth an affirmative duty on the part of the defendant to complete a subscription after it ceased publication of a magazine or refund the unused portion of the subscription immediately upon the cessation of the publications (*see Kaufman v International Bus. Machs. Corp., supra*). Furthermore, the plaintiffs failed to plead that the defendant engaged in any deceptive or misleading practices or misrepresentations to constitute a violation of

General Business Law § 349 (*cf. Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25 [1995]).

The plaintiffs' remaining contention is academic in light of our determination. Altman, J.P., Smith, McGinity and Crane, JJ., concur.