■ ISLAND SURGICAL SUPPLY Co., Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. [820 NYS2d 854]—

In an action to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Feinman, J.), dated April 14, 2005, which granted the motion of the defendants Allstate Insurance Company, Metropolitan Property and Casualty Insurance Company, Government Employees Insurance Company, St. Paul's Travelers, Progressive Casualty Insurance Company, Halcyon Insurance Company, Progressive Northeastern Insurance Company, Progressive Northern Insurance Company, Progressive Northwestern Insurance Company, Progressive Specialty Insurance Company, United Financial Casualty Company, and National Continental Insurance Company, pursuant to CPLR 3211 (a) (7) and 3013 to dismiss the complaint and denied its cross application for leave to replead, and (2) an order of the same court dated May 4, 2005, amending the order dated April 14, 2005, to correctly identify the moving defendants.

Ordered that the orders are affirmed, with one bill of costs.

The complaint was properly dismissed pursuant to CPLR 3211 (a) (7) and 3013 because the allegations were vague, conclusory, and indefinite as to the alleged breach of numerous contracts by the defendant insurance carriers (*see Hart v Scott*, 8 AD3d 532 [2004]; *Stoianoff v Gahona*, 248 AD2d 525 [1998], *appeal dismissed* 92 NY2d 844 [1998], *cert denied* 525 US 953 [1998]; *see also Maldonado v Olympia Mech. Piping & Heating Corp.*, 8 AD3d 348, 350 [2004]; *Steinblatt v Imagine Media*, 304 AD2d 648 [2003]; *Atkinson v Mobil Oil Corp.*, 205 AD2d 719, 720 [1994]; *cf. Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). More-

over, "leave to plead again shall not be granted unless the court is satisfied that [a party opposing a motion to dismiss] has good ground to support [a] cause of action" (CPLR 3211 [former (e)]; *cf.* L 2005, ch 616, §§ 1-2, eff Jan. 1, 2006, and removing the requirement that the party seeking leave to replead demonstrate "good ground," but applicable only to "actions and proceedings commenced on or after such effective date"). To establish a "good ground" sufficient to support a request for leave to replead, a plaintiff must proffer evidence, in the form of affidavits of those with direct knowledge of the facts (*see Lesesne v Lesesne,* 292 AD2d 507, 509 [2002]; *see also Nadkarni v North Shore-Long Is. Jewish Health Sys.,* 21 AD3d 354, 355 [2005]; *Latture v Smith,* 1 AD3d 408, 409 [2003]; *Mehlman v Gold,* 183 AD2d 634 [1992]). Here, the plaintiff proffered no such evidence, and made no specific argument as to why such good ground existed. Thus, the Supreme Court providently denied its cross application for leave to replead. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.