SECOND DEPARTMENT, DECEMBER, 2006

(December 5, 2006)

■ ALFRED ADAMS et al., Appellants, v JEAN L. HICKEY et al., Respondents. [828 NYS2d 105]—

In an action to recover damages for conversion and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Weiner, J.), entered August 24, 2004, which granted the defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint and denied their cross motion, in effect, for leave to replead and to stay all

proceedings in the action pending hearing and determination of an appeal in a related probate proceeding entitled *Matter of Neenan*, pending in this Court under Appellate Division docket No. 2004-04793.

Ordered that the appeal from so much of the order as denied that branch of the cross motion which was to stay all proceedings in the action pending hearing and determination of the appeal in the related probate proceeding is dismissed as academic (*see Matter of Neenan*, 35 AD3d 475 [2006] [decided herewith]); and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the cause of action to recover damages for conversion, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying that branch of the plaintiffs' cross motion which was, in effect, for leave to replead the cause of action to recover damages for conversion and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed, with costs to the plaintiffs.

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' cross motion which was, in effect, for leave to replead their cause of action to recover damages for conversion (*see* CPLR 3211 [e]; *Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 673 [2006]). The proposed amended complaint was supplemented by copies of the signature cards from eight of the allegedly converted accounts thereby demonstrating "good ground" to support that cause of action (*see* CPLR 3211 [e]; *cf. Island Surgical Supply Co. v Allstate Ins. Co.*, 32 AD3d 824, 825 [2006]).

"On a motion to dismiss pursuant to CPLR 3211, the amended complaint is to be afforded a liberal construction. The facts as alleged in the amended complaint are accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Goldfarb v Schwartz*, 26 AD3d 462, 463 [2006]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Contrary to the defendants' contentions, the allegations of the amended complaint, including the allegation that, without the consent of the plaintiff Alfred Adams, the defendant Stephen C. Hickey transferred the proceeds of accounts co-owned by Mr. Adams and the decedent, Kathryn M. Neenan, into accounts in trust for the defendants, state a valid cause of action to recover damages for conversion (*see* Banking Law § 675; *Sperrazza v Kail*, 267 AD2d 692 [1999];

*Gutkin v Manicone*, 255 AD2d 552 [1998]). "Generally, the deposit of funds into a joint account 'in the name of such depositor. . . and another person and in form to be paid or delivered to either, or the survivor of them' constitutes prima facie evidence of an intent to create a joint tenancy (Banking Law § 675 [a], [b])" (*Matter of Fayo*, 7 AD3d 795, 796 [2004]). Therefore, a decedent who deposited money in a joint bank account is "presumed to have conferred on the cotenant not only a mere expectancy, but rather a gift of a one-half interest in the deposited funds" (*Matter of Bobeck*, 143 AD2d 90, 92 [1988]; *see Matter of Kleinberg v Heller*, 38 NY2d 836 [1976]).

The plaintiffs' remaining contentions are without merit. Adams, J.P., Ritter, Santucci and Lifson, JJ., concur.