■ ROBERT L. ROSENZWEIG, Also Known as ROBERT ROSENZWEIG, Appellant, v ANN PAULA FRIEDLAND, Respondent. [924 NYS2d 99]—

In an action, inter alia, to recover damages for unjust enrichment, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Jacobson, J.), dated November 2, 2009, as, upon an order of the same court dated June 25, 2009, (1) granting those branches of the defendant's motion which were for summary judgment dismissing the first, second, fifth, sixth, seventh, and eighth causes of action, (2), in effect, granting that branch of the defendant's motion which was for summary judgment dismissing the third cause of action, and (3), in effect, denying those branches of his cross motion which were for summary judgment on the issue of liability on the first, second, third, fifth, sixth, seventh, and eighth causes of action, is in favor of the defendant and against him, dismissing the first, second, third, fifth, sixth, seventh, and eighth causes of action.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the first, second, fifth, sixth, seventh, and eighth causes of action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, those branches of the defendant's motion which were for summary judgment dismissing the first, second, fifth, sixth, seventh, and eighth causes of action are denied, the order dated June 25, 2009, is modified accordingly, and the first, second, fifth, sixth, seventh, and eighth causes of action are severed.

The plaintiff and the defendant are the son and daughter, respectively, of the decedent, Manny M. Rosenzweig, who left a will directing that his entire estate be given in equal shares to them after the payment of debts and expenses. In this action, the plaintiff asserts several causes of action alleging that the de-

fendant was unjustly enriched by the receipt of certain funds the decedent withdrew during his life, or that the defendant withdrew pursuant to a power of attorney, from accounts held jointly in the names of the plaintiff and the decedent (hereinafter the Federated Investors joint account and the Chase joint account).

Initially, contrary to the Supreme Court's determination, the plaintiff was not required to name the decedent's estate as a party in order to assert claims regarding withdrawals the decedent made from the subject accounts prior to his death in light of the duly-executed stipulation of the parties, permitting the commencement of this action without naming the estate. Under the circumstances of this case, the parties properly charted their own procedural course, and the stipulation was binding and enforceable (*see Nishman v De Marco*, 76 AD2d 360, 368 [1980]).

"To prevail on a claim of unjust enrichment, a plaintiff must establish that the defendant benefitted at the plaintiff's expense and that equity and good conscience require restitution" (*Spector v Wendy*, 63 AD3d 820, 822 [2009] [internal quotation marks omitted]). Here, the causes of action alleging unjust enrichment are premised on the plaintiff's claim that the alleged withdrawals of funds invaded his moiety interest in the accounts he held jointly with the decedent. "Generally, the deposit of funds into a joint account 'in the name of such depositor . . . and another person and in form to be paid or delivered to either, or the survivor of them' constitutes prima facie evidence of an intent to create a joint tenancy" (*Matter of Fayo*, 7 AD3d 795, 796 [2004], quoting Banking Law § 675 [a]; *see Adams v Hickey*, 35 AD3d 328, 330 [2006]). "Therefore, a decedent who deposited money in a joint bank account is 'presumed to have conferred on the cotenant not only a mere expectancy, but rather a gift of a one-half interest in the deposited funds' " (*Adams v Hickey*, 35 AD3d at 330, quoting *Matter of Bobeck*, 143 AD2d 90, 92 [1988]; *see Matter of Covert*, 97 NY2d 68, 75 [2001]; *Matter of Kleinberg v Heller*, 38 NY2d 836, 840-841 [1976]). "When a joint tenancy is created, each joint tenant has the right as a joint owner of the bank account to withdraw a moiety (half) or less than a moiety for his own use and thus destroy the joint tenancy as to such withdrawals" (*Matter of Bricker v Krimer*, 13 NY2d 22, 27 [1963]). The burden of refuting the rebuttable presumption created by Banking Law § 675 is on the party challenging the joint tenancy (*see* Banking Law § 675 [b]; *Matter of Kleinberg v Heller*, 38 NY2d at 840).

The Supreme Court properly, in effect, granted that branch of

the defendant's motion which was for summary judgment dismissing the third cause of action alleging that the defendant was unjustly enriched when, acting pursuant to a durable power of attorney during the decedent's life, she withdrew the sum of $100,000 from the Federated Investors joint account, which had a balance in excess of $250,000, and deposited the withdrawn funds into the decedent's individual checking account, over which she had a power of attorney. Since the amount of the subject withdrawal did not invade the plaintiff's one-half interest (*see Matter of Covert*, 97 NY2d at 75; *Matter of Bricker v Krimer*, 13 NY2d at 27), the plaintiff failed to raise a triable issue of fact in opposition to the defendant's motion, and failed to establish prima facie entitlement to judgment as a matter of law on his cross motion for summary judgment on the third cause of action. Accordingly, that cause of action was properly dismissed.

The Supreme Court, however, should have denied those branches of the defendant's motion which were for summary judgment dismissing the first, second, fifth, sixth, seventh, and eighth causes of action, wherein the plaintiff alleges that the defendant was unjustly enriched by receiving funds withdrawn from the Chase joint account and deposited into another joint account the defendant shared with the decedent. Unlike the withdrawal from the Federated Investors joint account, the withdrawals from the Chase joint account invaded the plaintiff's one-half interest. On her motion for summary judgment, the defendant failed to eliminate triable issues of fact with respect to her contention that, contrary to the presumption created by Banking Law § 675, the Chase joint account was not a joint tenancy. The defendant admits in her affidavit in support of the motion that the bank documents appear to create a joint tenancy between the decedent and the plaintiff with right of survivorship. Further, the defendant failed to eliminate triable issues of fact as to whether, as she contends, the funds initially deposited into the Chase joint account were derived from sources belonging to her, namely, a revocable savings account trust the decedent had established for her benefit, a joint savings account in her name and the decedent's name (hereinafter the Ulster joint account), and proceeds from the sale of the decedent's house. First, the revocable savings account trust, commonly known as a Totten Trust (*see Matter of Totten*, 179 NY 112 [1904]), of which the defendant was a named beneficiary, provided the defendant with a mere expectancy rather than a vested interest in the monies deposited therein (*see Blackmon v Estate of Battcock*, 78 NY2d 735, 739 [1991]; *Petty v Barnes*, 70 AD3d 661, 662 [2010]), and the decedent retained authority to

revoke the trust in whole or in part by making withdrawals therefrom (*see* EPTL 7-5.2 [1]). Second, the defendant failed to establish her one-half interest in the Ulster joint account as a joint tenant with evidence that the account was in the names of the decedent "or" the defendant, without specific words of survivorship (*see Matter of Coon*, 148 AD2d 906, 907 [1989]; *Matter of Timoshevich*, 133 AD2d 1011, 1012 [1987]). Third, the decedent had unfettered authority to manage or dispose of his assets, including the sale of his house and the proceeds therefrom, during his lifetime (*see Blackmon v Estate of Battcock*, 78 NY2d at 739; *Gotte v Long Is. Trust Co.*, 133 AD2d 212, 215 [1987]).

The defendant contends that the plaintiff should be precluded from asserting the causes of action alleging unjust enrichment against her because he has unclean hands. The defendant, however, failed to adduce prima facie evidence in support of this assertion, offering only conjecture that the plaintiff coerced or exerted undue influence over the decedent (*see Fade v Pugliani/ Fade*, 8 AD3d 612, 614 [2004]; *cf. Cohn & Berk v Rothman-Goodman Mgt. Corp.*, 125 AD2d 435, 436 [1986]). Further, contrary to the Supreme Court's determination, the defendant did not establish her prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging unjust enrichment by pointing to a lack of evidence that she had improperly influenced the decedent in making the subject withdrawals. "Unjust enrichment . . . does not require the performance of any wrongful act by the one enriched. Innocent parties may frequently be unjustly enriched" (*Simonds v Simonds*, 45 NY2d 233, 242 [1978] [citations omitted]). Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were for summary judgment dismissing the first, second, fifth, sixth, seventh, and eighth causes of action.

On the cross motion with respect to those same causes of action, the plaintiff did not establish his prima facie entitlement to judgment as a matter of law on the issue of liability. The signature card and account application upon which the plaintiff relies in support of his contention that the Chase joint account was a joint tenancy with right of survivorship was submitted for the first time in reply papers and, thus, cannot be considered for the purpose of establishing his prima facie entitlement to judgment as a matter of law (*see Sullivan v American Airlines, Inc.*, 80 AD3d 600, 601 [2011]). Moreover, the plaintiff did not establish his prima facie entitlement to judgment as a matter of law on his claims that the defendant benefitted unjustly at his expense in light of the existence of triable issues of fact regard-

ing the sources of the funds in the Chase joint account and the circumstances surrounding the subject withdrawals (*see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 473, 481 [2009]). Accordingly, the Supreme Court properly, in effect, denied those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability on the first, second, third, fifth, sixth, seventh, and eighth causes of action.

Finally, the parties' arguments with respect to the defendant's counterclaims are not properly before this Court. Neither party moved in the Supreme Court with respect to the counterclaims and, therefore, this Court may not search the record and award summary judgment with respect to those counterclaims (*see State Farm Fire & Cas. Co. v Browne*, 12 AD3d 361, 362 [2004]). Angiolillo, J.P., Balkin, Leventhal and Sgroi, JJ., concur.