Liberty Life Assurance v. Bahan

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of October, two thousand eleven.

PRESENT:
        JOHN M. WALKER, JR.,
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
                Circuit Judges,

- - - - - - - - - - - - - - - - - - -x

LIBERTY LIFE ASSURANCE CO. OF
BOSTON and LIBERTY ASSIGNMENT
CORP.,
        Plaintiffs-Appellees,

ARISTEDES MAHAIRAS, GEORGE
MAHAIRAS, and JOHN MAHAIRAS,
                                                10-4467-cv
        Cross-Defendants-
        Appellees,

        -v.-

ANNA BAHAN,
        Defendant-Cross-
        Claimant-Appellant.
- - - - - - - - - - - - - - - - - - -x
FOR PLAINTIFFS-APPELLEES:    H. MARK STICHEL, Gohn Hankey &
                             Stichel, LLP, Baltimore, Maryland.

FOR CROSS-DEFENDANTS-
APPELLEES:                   CHRISTOPHER J. MARENGO, Law Offices
                             of Christopher J. Marengo, Esq.,
                             Bronx, New York.

FOR DEFENDANT-CROSS-
CLAIMANT-APPELLANT:          MICHAEL S. HABER, Law Offices of
                            Michael S. Haber, New York, New
                            York.

Appeal from the United States District Court for the Southern District of New York (Rakoff, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-cross-claimant-appellant Anna Bahan appeals from the district court's judgment entered September 30, 2010, granting summary judgment in favor of cross-defendants-appellees, Aristedes Mahairas, George Mahairas, and John Mahairas (the "Mahairas brothers"), declaring them to be the legal beneficiaries of the annuity at issue in the interpleader action, and dismissing Bahan's cross-claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's grant of summary judgment de novo. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.), cert. denied, 540 U.S. 823 (2003). "We may affirm only if we conclude that on the record presented, considered in the light most favorable to [Bahan], no reasonable jury could find in [her] favor." Capobianco v. City of New York, 422 F.3d 47, 54-55 (2d Cir. 2005).

We have conducted an independent review of the record in light of these principles, and affirm the district court's grant of summary judgment.

-2-

Plaintiffs-appellees Liberty Life Assurance Company of Boston and Liberty Assignment Corporation (together, "Liberty") commenced this interpleader action on May 19, 2009 to resolve the competing claims of Bahan and the Mahairas brothers to the proceeds of an annuity set up for the now-deceased Kevin Tillinger. Bahan filed cross-claims against the Mahairas brothers for (1) conversion, (2) breach of fiduciary duty, (3) unjust enrichment, (4) fraud, (5) breach of constructive trust, (6) civil RICO, and (7) "money had and received."

On January 13, 2010, the Mahairas brothers moved for summary judgment on all of Bahan's cross-claims. The district court granted summary judgment dismissing Bahan's claims for breach of fiduciary duty, breach of constructive trust, civil RICO, and "money had and received," ruling from the bench on March 4, 2010, and reserved decision on the claims for conversion, unjust enrichment, and fraud. The district court then granted summary judgment on the remaining claims by a Memorandum Order dated August 20, 2010. Bahan does not challenge the district court's dismissal of the breach of fiduciary duty, breach of constructive trust, and RICO claims. She argues that there are disputed facts that preclude summary judgment on the claims for conversion, unjust enrichment, fraud, and "money had and received."

As the district court noted, all of Bahan's claims rise or fall on the validity of the September 25, 2006 letter designating the Mahairas brothers as beneficiaries of the

-3-

annuity.  If Tillinger signed the letter, was competent when doing so, and the Mahairas brothers did not improperly induce or coerce him to sign it, the change in beneficiary was valid,[1] and Bahan's claims for conversion, unjust enrichment, fraud, and "money had and received" all fail under New York law.  See Thyroff v. Nationwide Mut. Ins. Co., 460 F.3d 400, 403-04 (2d Cir. 2006) (conversion requires an "unauthorized assumption" of property belonging to another); Mirvish v. Mott, 901 N.Y.S.2d 603, 607 (1st Dep't 2010) (same); Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000) (to succeed on an unjust enrichment claim, "equity and good conscience [must] require restitution"); Rosenzweig v. Friedland, 924 N.Y.S.2d 99, 102 (2d Dep't 2011) (same); Premium Mortg. Corp. v. Equifax, Inc., 583 F.3d 103, 108 (2d Cir. 2009) (citing Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 421 (1996)) (fraud requires a knowing misrepresentation that causes injury).  Accordingly, to succeed on any of her claims, Bahan had to show either that somebody forged Tillinger's signature on the September 25th letter, that the Mahairas brothers improperly induced Tillinger to sign, or that even without such inducement, Tillinger was not competent to do so.  See Sears v. First Pioneer Farm Credit, ACA, 850 N.Y.S.2d 219, 222 (3d Dep't 2007) (New York courts presume competence at

---

[1]    In a footnote in her brief, Bahan states that there is "no explicit language [in the settlement agreement] that expressly permits a change in beneficiary in the absence of the death of Anna Bahan."  Bahan did not, however, dispute Tillinger's authority to change the beneficiary in her 56.1 Counter Statement.  (See Mahairas 56.1 Stmt. ¶ 18 (citing Fairhurst Decl. ¶ 10); Bahan 56.1 Counter Stmt. at 2 (declining to expressly deny ¶ 18).)

time of performance of challenged action; burden of proving incompetence rests with party asserting incapacity).

Bahan maintains that questions of material fact were presented as to these very issues. In support of this assertion, she primarily points out that: (1) an unsigned letter, dated October 25, 2005, ostensibly from Tillinger, requested that a "change of beneficiary" form be sent to the address of one of the Mahairas brothers; (2) the Mahairas brothers filled out a change of beneficiary form in May 2006; and (3) the Mahairas brothers steered Tillinger towards a particular notary, with whom they were acquainted. These facts, however, only support the assertion that the Mahairas brothers assisted Tillinger in changing the beneficiary of the annuity, not that they improperly induced him to execute the necessary paperwork.

On appeal, Bahan also argues that the signatures on the two versions of the September 25th letter are not identical. While the implication of this assertion is that the signatures were forged, Bahan did not dispute the authenticity of the signatures at the summary judgment phase. (See Mahairas 56.1 Stmt. ¶ 22; Bahan 56.1 Counter Stmt. at 3 (declining to expressly deny ¶ 22).) Furthermore, there was no evidence before the district court to support an allegation of forgery.

Finally, Bahan argues that Tillinger was largely homebound and addicted to painkillers in 2005 and 2006, implying that he was not competent to sign the letter or able to visit the notary. Bahan did not, however, point the district court to any

evidence showing that Tillinger was not mobile, competent, or lucid when he signed the letter.

Therefore, on the evidence before the district court, no reasonable jury could have concluded that the September 25th letter was forged, that the Mahairas brothers improperly induced Tillinger to sign it, or that Tillinger was incompetent at the time the letter was signed. Summary judgment was appropriate on all of Bahan's claims, and the district court properly concluded as a matter of law that the Mahairas brothers were the beneficiaries of the annuity.

We have considered Bahan's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED** in its entirety.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK