■ VASSILIS PANAGOULOPOULOS et al., Appellants, v CARLOS ORTIZ JR. MD, P.C., et al., Respondents. [38 NYS3d 807]—

In an action, inter alia, to recover damages for wrongful termination of employment, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered June 12, 2014, as granted the defendants' motion pursuant to CPLR 3211 (a), 3013, and 3014 to dismiss the complaint, and (2) an order of the same court dated July 8, 2014, which denied their motion for leave to amend the complaint.

Ordered that the order entered June 12, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 8, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The Supreme Court properly granted the defendants' motion to dismiss the complaint (see Scholastic Inc. v Pace Plumbing Corp., 129 AD3d 75, 79 [2015]; Island Surgical Supply Co. v Allstate Ins. Co., 32 AD3d 824 [2006]; Sibersky v New York City, 270 AD2d 209 [2000]; Barsella v City of New York, 82 AD2d 747, 748 [1981]; Weissglass v Weissglass, 52 AD2d 582 [1976]). The complaint failed to comply with the requirements of CPLR 3014 that it include "plain and concise statements," that each paragraph contain "as far as practicable, a single allegation," and that "[s]eparate causes of action or defenses . . . be separately stated and numbered." The complaint also failed to satisfy the requirement of CPLR 3013 that its "[s]tatements . . . be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense." In any event, the complaint, which predominantly purported to allege wrongful termination of employment, failed to state a cause of action (see CPLR 3211 [a] [7]), since, among other reasons, the alleged employment relationship was at-will (see Hefter v Elderserve Health, Inc., 134 AD3d 673, 675 [2015]).

Since the plaintiffs' proposed amended complaint suffered from the same deficiencies as the original, the Supreme Court properly denied the plaintiffs' motion for leave to amend the complaint (see Gonzalez v Fidelity & Deposit Co. of Maryland, 119 AD3d 432 [2014]; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035 [2011]; H. Verby Co. v Carle Place Union Free School Dist., 5 AD3d 730 [2004]). Leventhal, J.P., Dickerson, Maltese and Connolly, JJ., concur.