■ C&D DEVELOPMENT, INC., Appellant, v SEA BREEZE DEVELOPMENT, LLC, et al., Respondents, et al., Defendants. [874 NYS2d 560]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated August 23, 2007,

which denied its motion for summary judgment on its third cause of action alleging breach of contract against the defendant Sea Breeze Development, LLC, and granted the cross motion of the defendants Sea Breeze Development, LLC, Sea Breeze Jewish Center, and Igor Fleyshmakher for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying the plaintiff's motion for summary judgment on its third cause of action alleging breach of contract against the defendant Sea Breeze Development, LLC, and granting that branch of the cross motion of the defendants Sea Breeze Development, LLC, Sea Breeze Jewish Center, and Igor Fleyshmakher which was to dismiss that cause of action and substituting therefor provisions granting the plaintiff's motion and awarding the plaintiff the principal sum of $400,000 on its third cause of action alleging breach of contract against the defendant Sea Breeze Development, LLC, and denying that branch of the cross motion of the defendants Sea Breeze Development, LLC, Sea Breeze Jewish Center, and Igor Fleyshmakher which was to dismiss the third cause of action; as so modified, the order is affirmed, with costs to the plaintiff payable by the defendant Sea Breeze Development, LLC.

The plaintiff's third cause of action was asserted solely against the defendant Sea Breeze Development, LLC (hereinafter Sea Breeze), and alleged that Sea Breeze breached a contract it entered into with the plaintiff pursuant to which it was to pay the plaintiff the sum of $400,000 in exchange for the plaintiff's discontinuance of an earlier action it commenced in the Supreme Court, Kings County, against the defendant Sea Breeze Jewish Center (hereinafter SBJC). In support of its motion for summary judgment on that cause of action, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff had a good faith belief that it had an enforceable contract to purchase the development rights from SBJC (*see Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn*, 76 AD2d 712, 716 [1980]; *cf. Catholic Foreign Mission Socy. of Am. [Inc.] v Oussani*, 215 NY 1, 6-7 [1915]). In opposition thereto, the defendants failed to raise a triable issue of fact. Contrary to their contention, the plaintiff's forbearance from pursuing its earlier action against SBJC constituted adequate consideration for the contract sued upon in the instant case (*see Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 383 [1993]; *White v Hoyt*, 73 NY 505,

514-515 [1878]; *Kevin Spence & Sons v Boar's Head Provisions Co.*, 5 AD3d 352, 353 [2004]; *Admae Enters. v Smith*, 222 AD2d 471, 472 [1995]; *Nolfi Masonry Corp. v Lasker-Goldman Corp.*, 160 AD2d 186, 187 [1990]; *Joab Commercial Laundries v Reeder*, 159 AD2d 489, 490-491 [1990]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on its third cause of action alleging breach of contract against Sea Breeze, and awarded the plaintiff the principal sum of $400,000, and should have denied that branch of the cross motion of the defendants Sea Breeze, SBJC, and Igor Fleyshmakher which was for summary judgment dismissing the third cause of action.

The plaintiff's remaining contentions are without merit. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.