■ Frederick Rowe, Respondent, v Eva G. Kingston et al., Appellants. [942 NYS2d 161]—

In an action to impose a constructive trust upon certain real property, the defendants appeal from a judgment of the Supreme Court, Queens County (Kugelman, Ct. Atty. Ref.), entered November 12, 2010, which, upon a decision of the same court dated November 30, 2009, made after a nonjury trial, is in favor of the plaintiff and against them, imposing a constructive trust on the subject property.

Ordered that the judgment is affirmed, with costs.

The plaintiff owned a two-family home and resided in it with

the defendants, who are his aunt and uncle. In 1999, the plaintiff transferred title to the two-family home to his aunt for no consideration, with the understanding that she would re-deed the property back to him upon his request. The plaintiff's aunt refinanced the property in her name, although the plaintiff, as per their agreement, continued to collect rent and make the mortgage payments. When the plaintiff allegedly failed to make timely mortgage payments, his aunt assumed direct payment of the mortgage. By then, the plaintiff had moved out of the prop-erty. However, his aunt and his uncle continued to live there. The defendants took over paying the utility bills and other main-tenance of the property, collected rent from the other tenants, and claimed a tax credit for the mortgage payments. In 2003, the aunt added the uncle to the deed, at which time the defend-ants refinanced the mortgage on the property, drawing on its equity. Following failed discussions between the parties regard-ing the return of the property to the plaintiff, the plaintiff com-menced this action and, after a nonjury trial before a referee, a constructive trust was imposed in his favor.

In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial judge had the advantage of seeing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Parr v Ronkonkoma Realty Venture I, LLC*, 65 AD3d 1199, 1201 [2009]; *O'Brien v Dalessandro*, 43 AD3d 1123, 1123-1124 [2007]).

A constructive trust is an equitable remedy (*see Simonds v Simonds*, 45 NY2d 233, 241 [1978]), and may be imposed "[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest" (*Poupis v Brown*, 90 AD3d 881, 882 [2011], quoting *Sharp v Kosmalski*, 40 NY2d 119, 121 [1976] [internal quotation marks omitted]). In general, to impose a constructive trust, four factors must be established: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121). However, as these ele-ments serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established (*see Simonds v Simonds*, 45 NY2d at 241; *Marini v Lombardo*, 79 AD3d 932, 933 [2010]).

Here, the Supreme Court properly found that the plaintiff satisfied the elements necessary to impose a constructive trust. As familial relatives, the parties shared a confidential relation-

ship (see *Nockelun v Sawicki*, 197 AD2d 507 [1993]). The defendants did not dispute that they promised to re-deed the property back to the plaintiff at a later date, and the record does not support their further contentions that this promise was conditioned on the plaintiff's timely payment of the mortgage or that the plaintiff habitually made late payments on the mortgage. Furthermore, the defendants' argument that, in effect, their investment in the property gave them an ownership interest, is without merit. Although the defendants were responsible for the care and maintenance of the property for eight years, they were living on the premises together with their family, collecting rent, and reaping the tax and home equity benefits associated with owning a home (cf. *Marini v Lombardo*, 79 AD3d at 934; *Bedell v Bedell*, 160 AD2d 702, 704 [1990]).

The defendants' remaining contention regarding unclean hands is without merit.

Accordingly, there is no basis to disturb the Supreme Court's judgment imposing a constructive trust in favor of the plaintiff. Mastro, A.P.J., Hall, Lott and Sgroi, JJ., concur.