OPINION OF THE COURT
Austin, J.
The parties lived together in a committed, same-sex relationship for nearly 18 years, and are the parents of two children. After the relationship ended, the plaintiff commenced this action seeking, inter alia, damages for breach of an alleged oral “joint venture/partnership ’ ’ agreement whereby she would share in assets, including the defendant’s retirement contributions and earnings, in exchange for leaving her full-time job to care for the parties’ children. The plaintiff also asserted several equitable causes of action predicated upon the alleged oral agreement to share in the defendant’s retirement contributions and earnings. For the reasons that follow, we conclude that the complaint is sufficiently pleaded to state a cause of action sounding in breach of contract. Accordingly, the Supreme Court should have denied that branch of the defendant’s motion pursuant to CPLR 3211 (a) (7) which was to dismiss the breach of contract cause of action. However, we conclude that the Supreme Court properly granted those branches of the motion which were to dismiss the equitable causes of action predicated upon the al *207 leged oral agreement to share the defendant’s retirement contributions and earnings.
In her complaint, the plaintiff alleged, and the defendant did not dispute, that she was involved in a committed relationship with the defendant, living as a family unit, from 1990 until 2007. This was prior to the passage of New York’s Marriage Equality Act (see Domestic Relations Law §§ 10-a, 10-b). Two children were born of this relationship. Each party is the biological parent of one child, and each child was legally adopted by the other party.
According to the allegations set forth in the complaint, before they had children, each party was employed full-time, earning a salary and retirement benefits. The parties pooled their respective salaries to meet their shared expenses pursuant to what the plaintiff described as a specific agreement to form “a partnership and/or joint venture.” In 1996, in furtherance of their agreement, the parties purchased a house as “joint tenants with rights of survivorship.”
After the parties’ first child was born, the parties agreed, given the cost of child care, that the plaintiff would eschew her full-time employment and work part-time so that she could “be home with the child (later, children) and perform other non-financial services for the benefit of the family and for the parties’ partnership and/or joint venture” while the defendant would continue to work full-time. The plaintiff claims that her decision to leave her full-time employment was based upon the defendant’s promise that her non-economic contributions to their family unit would, along with their pooled salaries and assets, be in furtherance of the “partnership/joint venture.” Indeed, the parties “realized and specifically discussed that [the] [d]efendant would be earning more income for, and [the plaintiff] would be contributing more non-financial services to, the parties’ partnership/joint venture.” The plaintiff asserts that, as a result, the parties specifically agreed to share equally in all financial contributions made by each of them and that all such contributions were for their mutual benefit. In addition, the parties allegedly specifically discussed that the defendant would continue to accrue retirement savings while the plaintiff would no longer be able to, and agreed that the plaintiff would be entitled to one half of the defendant’s retirement contributions and earnings for the period that the plaintiff did not work at a job that provided her with a retirement plan.
Upon the termination of their nearly-18-year relationship, the plaintiff commenced this action. In her complaint, the plaintiff *208 alleged 10 causes of action. At issue on this appeal are the plaintiffs eighth cause of action, which was to recover damages for breach of the parties’ alleged partnership/joint venture agreement, as well as her sixth cause of action, which was for dissolution of the alleged partnership/joint venture and an accounting of its assets, seventh cause of action, which was for the imposition of a constructive trust on one half of the defendant’s assets, and ninth cause of action, which was based on unjust enrichment.
In her amended answer, the defendant denied the essential allegations of the complaint and interposed a general affirmative defense that the complaint failed to state a cause of action. Thereafter, the defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the sixth, seventh, eighth, and ninth causes of action alleged in the complaint.
In an order entered January 19, 2011, the Supreme Court granted the defendant’s motion, determining that a cause of action was not stated.
Standard for a Motion to Dismiss for Failure to State a Cause of Action
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must accept the facts alleged by the plaintiff as true and liberally construe the complaint, according it the benefit of every possible favorable inference (see Campaign for Fiscal Equity v State of New York, 86 NY2d 307, 318 [1995]; see also Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414 [2001]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]). The role of the court is to “determine only whether the facts as alleged fit within any cognizable legal theory” (Leon v Martinez, 84 NY2d at 87-88). Therefore, a complaint is legally sufficient if the court determines that a plaintiff would be entitled to relief on any reasonable view of the facts stated (see Campaign for Fiscal Equity v State of New York, 86 NY2d at 318). “Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus” (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
Breach of Contract Cause of Action
Applying these principles here, we find that, within its four corners, the complaint sufficiently alleges the elements of a breach of contract cause of action necessary to survive a motion to dismiss pursuant to CPLR 3211 (a) (7). The essential elements for pleading a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiffs *209 performance pursuant to the contract, the defendant’s breach of his or her contractual obligations, and damages resulting from the breach (see Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]; Brualdi v IBERIA, Lineas Aereas de España, S.A., 79 AD3d 959, 960 [2010]; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803 [2010]; Furia v Furia, 116 AD2d 694, 695 [1986]).
In her complaint, the plaintiff sufficiently pleaded all of the elements of a breach of contract cause of action. In pertinent part, she alleged:
“15. After the parties’ first child was born in 1996, the parties agreed that, given the costs of child care, Plaintiff would leave her full time job and assume part-time work so she could be home with the child (later, children) and perform other non-financial services for the benefit of the family and for the parties’ partnership and/or joint venture, while Defendant would continue to work full-time to support the family/joint venture/partnership financially.
“16. At that time, the parties realized and specifically discussed that Defendant would be earning more income for, and Plaintiff would be contributing more non-financial services to, the parties’ partnership/joint venture.
“17. The parties therefore specifically agreed that they would share equally in all financial and non-financial contributions made by each of them and that all such contributions — including without limitation earnings, assets, money, funds, accounts, and labor — was for their mutual benefit . . .
“18. At that time, the parties also realized and specifically discussed that Defendant would continue to accrue retirement savings from her work while Plaintiff would not, since Plaintiff would no longer work at a job which provided retirement plans.
“19. The parties therefore specifically agreed that Plaintiff would be entitled to one-half of Defendant’s retirement contributions and earnings that accrued to Defendant during the period that Plaintiff did not work at a job that provided her with full retirement plans.”
*210 These factual allegations adequately set forth the existence of a contract pursuant to which the plaintiff would quit working full-time, thereby ceasing to earn money toward her own retirement plan, and pursue part-time work enabling her to stay home to care for the parties’ children, in exchange for a one-half share in the defendant’s retirement accounts accrued during those years that the plaintiff refrained from working at a job which provided retirement benefits.
The alleged contractual agreement between the parties was supported by consideration. “Consideration consists of either a benefit to the promisor or a detriment to the promisee. It is enough that something is promised, done, forborne, or suffered by the party to whom the promise is made as consideration for the promise made to him [or her]” (Anand v Wilson, 32 AD3d 808, 809 [2006]). The consideration here for the alleged contract is the forbearance of the plaintiff’s career, the inability to continue to save toward her retirement during that forbearance, and her maintenance of the household in return for a share in the defendant’s retirement benefits and other assets earned during the period of forbearance (see e.g. Halliwell v Gordon, 61 AD3d 932, 933-934 [2009]; C&D Dev., Inc. v Sea Breeze Dev., LLC, 60 AD3d 610, 611 [2009]; Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 480 [2009]). Since the plaintiff also alleged that the defendant breached the alleged agreement and that she has sustained damages as a result of that breach, at this pleading stage, the eighth cause of action must survive dismissal (see e.g. Guido v Orange Regional Med. Ctr., 102 AD3d 828, 832 [2013]).
The fact that the alleged agreement was made by an unmarried couple living together does not render it unenforceable. “New York courts have long accepted the concept that an express agreement between unmarried persons living together is as enforceable as though they were not living together, provided only that illicit sexual relations were not ‘part of the consideration of the contract’ ” (Morone v Morone, 50 NY2d 481, 486 [1980] [citations omitted], quoting Rhodes v Stone, 17 NYS 561, 562 [Sup Ct, Gen Term, 5th Dept 1892]). “[W]hile cohabitation without marriage does not give rise to the property and financial rights which normally attend the marital relation, neither does cohabitation disable the parties from making an agreement within the normal rules of contract law” (Morone v Morone, 50 NY2d at 486; see Matter of Gorden, 8 NY2d 71, 75 [I960]).
*211 The case at bar is similar to Morone v Morone (50 NY2d 481 [1980]). In Morone, the parties cohabited as husband and wife although they were not married. The plaintiff claimed that the parties had entered into an oral partnership agreement whereby, among other things, they agreed that the net profits of their partnership would be used and applied for their equal benefit.[1] The plaintiff devoted herself exclusively to their relationship and this endeavor. The Court of Appeals concluded that the plaintiff sufficiently stated a breach of contract cause of action.
There is no reason, on this record, at this early stage of the litigation to conclude, as the Supreme Court did, that the oral agreement between the parties cannot serve as the basis for a breach of contract cause of action. Our dissenting colleague posits that even though the complaint alleges that the parties entered into an oral agreement to equally share in the financial and nonfinancial contributions made by each, it nevertheless fails to plead a breach of contract cause of action because it does not specifically allege that the parties agreed that they would divide their combined assets and the defendant’s accrued pension benefits in the event that their relationship ended, and how they intended to do so. We disagree since the plaintiff sufficiently pleaded all of the required elements of a breach of contract cause of action in the complaint.
Contrary to the Supreme Court’s determination and the opinion of our dissenting colleague, the plaintiff’s failure to specifically allege that there was a “meeting of the minds” as to how the assets would be distributed upon the termination of the parties’ relationship does not compel the conclusion that the complaint fails to state a cause of action to recover damages for breach of contract. There is no requirement that a breach of contract cause of action include such an allegation in order to survive a motion to dismiss pursuant to CPLR 3211 (a) (7) where the complaint sets forth all of the elements necessary to plead a breach of contract cause of action. The complaint specifically alleges that the parties agreed to share equally the defendant’s retirement account accrued during that period of time that the plaintiff did not work at a job that provided a retirement plan without consideration of the direct and indirect contributions of the parties or when such contributions were *212 made. Thus, as alleged, there is sufficient definiteness to the material terms of the alleged agreement between the parties to establish an enforceable contract (see Joseph Martin, Jr., Delicatessen v Schumacher, 52 NY2d 105, 109 [1981]). The failure to include the mechanism for the implementation of the parties’ alleged agreement does not negate the allegations in the complaint that they entered into an agreement with regard to the rights to their assets. Accordingly, the Supreme Court should have denied that branch of the defendant’s motion which was to dismiss the eighth cause of action.
Constructive Trust Cause of Action
The equitable remedy of a coiastructive trust may be imposed “ ‘[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest’ ” (Sharp v Kosmalski, 40 NY2d 119, 121 [1976], quoting Beatty v Guggenheim Exploration Co., 225 NY 380, 386 [1919]; see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Rowe v Kingston, 94 AD3d 852, 853 [2012]). The elements of a cause of action to impose a constructive trust are (1) the existence of a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (see Sharp v Kosmalski, 40 NY2d at 121; Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691 [2012]; Rowe v Kingston, 94 AD3d at 853; Poupis v Brown, 90 AD3d 881, 882 [2011]). “However, as these elements serve only as a guideline, a constructive trust may still be imposed even if all of the elements are not established” (Rowe v Kingston, 94 AD3d at 853; see Simonds v Simonds, 45 NY2d at 243; Quadrozzi v Estate of Quadrozzi, 99 AD3d at 691) and the “factors should be applied flexibly” (Cruz v McAneney, 31 AD3d 54, 59 [2006]).
In this case, there is no dispute that the parties enjoyed a confidential relationship for 17 years. Further, the plaintiff has alleged a promise associated with her agreement to leave full-time employment in favor of part-time employment in order to provide full-time child care to the parties’ two children. In addition, the plaintiff alleged a transfer in reliance on a promise by claiming a forbearance of the plaintiffs opportunity of realizing a retirement benefit in reliance apon the defendant’s alleged promise.
However, although it is not necessary to establish each of the elements of a constructive trust in order to obtain equitable relief (see Simonds v Simonds, 45 NY2d at 243; Quadrozzi v Estate of Quadrozzi, 99 AD3d at 691; Rowe v Kingston, 94 AD3d *213 at 853; see also Artache v Goldin, 133 AD2d 596, 599 [1987]), the allegations with respect to the seventh cause of action are insufficient to state a cause of action to impose a constructive trust. Unlike divorcing married couples who can rely upon the equitable distribution law (see Domestic Relations Law § 236 [B]; Majauskas v Majauskas, 61 NY2d 481 [1984]) to fashion a formula for the court to calculate a coverture value of a spouse’s pension, we find that the allegation of an equitable right to share the defendant’s pension on an equal basis is insufficient to support a cause of action to impose a constructive trust. In any event, the defendant correctly points out that the Employee Retirement Income Security Act (29 USC § 1001 et seq.) precludes the imposition of a constructive trust on a pension plan (see Cytron v Malinowitz, 13 Misc 3d 1218[A], 2006 NY Slip Op 51899[U] [Sup Ct, Kings County 2006]).[2]
Accordingly, the Supreme Court properly granted that branch of the defendant’s motion which was to dismiss the seventh cause of action.
Unjust Enrichment Cause of Action
A cause of action based on unjust enrichment is closely related to a cause of action to impose a constructive trust, since “[t]he ultimate purpose of a constructive trust is to prevent unjust enrichment” (Cruz v McAneney, 31 AD3d 54, 58-59 [2006] [based upon the equitable principles of constructive trust and unjust enrichment, the rights of a surviving same-sex domestic partner in the September 11 Victims Compensation Fund were not lost upon the ground that the partners were not married]; cf. Cannisi v Walsh, 13 Misc 3d 1231[A], 2006 NY Slip Op 52075[U] [Sup Ct, Kings County 2006]).
To establish an unjust enrichment cause of action, a plaintiff must allege that (1) the other party was enriched, (2) at that party’s expense, and (3) it is against equity and good conscience to permit the other party to retain what is sought to be recovered (see Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421 [1972]). “[T]he essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered” (id.).
*214 Here, however, the plaintiff failed to allege that the defendant was enriched at her expense (see Clifford R. Gray, Inc. v LeChase Constr. Servs., LLC, 31 AD3d 983, 988 [2006]). Thus, the plaintiff failed to sufficiently allege a cause of action based on unjust enrichment, and that branch of the defendant’s motion which was to dismiss the ninth cause of action was properly granted.
Accounting Cause of Action
“ ‘The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest’ ” (Lawrence v Kennedy, 95 AD3d 955, 958 [2012], quoting Palazzo v Palazzo, 121 AD2d 261, 265 [1986]).
Here, again, there is no question as to whether the parties shared a confidential relationship as members of a committed family unit. However, the complaint does not allege that “[t]he fiduciary relationship necessary to obtain an accounting [was] created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant [was] bound to reveal [her] dealings” (Stevens v St. Joseph’s Hosp., 52 AD2d 722, 722-723 [1976]; see Bouley v Bouley, 19 AD3d 1049, 1051 [2005]; see also Sitar v Sitar, 50 AD3d 667, 670 [2008]). Thus, the plaintiff failed to state a cause of action for an accounting, and the Supreme Court properly granted that branch of the defendant’s motion which was to dismiss the sixth cause of action.
Conclusion
In according the plaintiff the benefit of all favorable inferences which may be drawn from viewing the complaint (see Campaign for Fiscal Equity v State of New York, 86 NY2d at 318; see also Sokoloff v Harriman Estates Dev. Corp., 96 NY2d at 414; Leon v Martinez, 84 NY2d at 87-88), that branch of the defendant’s motion which was to dismiss the eighth cause of action should have been denied and the remaining branches granted.
Accordingly, the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant’s motion pursuant to CPLR 3211 (a) (7) which was to dismiss the eighth cause of action, and substituting therefor a provision denying that branch of the defendant’s motion and, as so modified, the order is affirmed.

. While it is difficult to argue with our dissenting colleague that the plaintiff appears to be seeking “equitable distribution,” she nevertheless pleaded her cause of action in a manner consistent with the contract cause of action sustained in Morone.

. Although the defendant did not raise this argument before the Supreme Court, it is a legal argument that appears on the face of the record and could not have been avoided had it been brought to the attention of the Supreme Court. As such, it may be considered by this Court even though it is being raised for the first time on appeal (see Byrne v Nicosia, 104 AD3d 717, 719 [2013]; Williams v Naylor, 64 AD3d 588 [2009]).