In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (Whelan, J.), dated December 20, 2011, as granted those branches of the defendants’ motion which were pursuant to CPLR 3211 (a) to dismiss the second, third, fourth, and fifth causes of action in the amended complaint, (2) a judgment of the same court entered January 17, 2012, as, upon the order, is in favor of the defendants and against him dismissing those causes of action with prejudice, and (3) an order of the same court dated November 7, 2012, as denied that branch of his motion which was pursuant to CPLR 5019 (a) to correct the judgment by deleting from the decretal paragraph thereof the words “with prejudice.”
Ordered that the appeal from the order dated December 20, 2011, is dismissed, without costs or disbursements; and it is further,
Ordered that the judgment is modified, on the law, by deleting the provisions thereof dismissing the fifth cause of action and, upon dismissing the second, third, and fourth causes of action, did so “with prejudice”; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, that branch of the defendants’ motion which was pursuant to CPLR 3211 (a) to dismiss the fifth cause of action is denied, the fifth cause of action is reinstated and, with the first cause of action, is severed, and the order is modified accordingly; and it is further,
Ordered that the appeal from the order dated November 7, 2012, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.
The appeal from the order dated December 20, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
The plaintiff was married to the sister of the defendant *838 Charles Atanasio (hereinafter Atanasio) and was an employee of a company co-owned by Atanasio. In 2000, the plaintiff and Atanasio jointly purchased a 48-foot boat, each retaining a 50% interest. In 2001, the plaintiff, Atanasio, and their wives purchased a residential property as tenants in common. The plaintiff commenced this action against Atanasio and his wife, Mary Atanasio, to recover monies they allegedly owed him for his payment of expenditures in connection with the property and boat from January 2001 to August 2008. In the amended complaint, the plaintiff asserted causes of action, inter alia, alleging breach of contract, conversion, and constructive fraud, and to impose a constructive trust upon the property. The defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint for failure to state a cause of action, and the Supreme Court granted the motion. Thereafter, the Supreme Court entered a judgment upon the order dismissing the amended complaint with prejudice.
“On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Moreover, “[a] court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint, and upon considering such an affidavit, the facts alleged therein must also be assumed to be true” (Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [2011] [citations and internal quotation marks omitted]).
Applying these principles here, the Supreme Court properly dismissed the second cause of action, which alleged conversion of funds, since the plaintiff asserted a mere right to payment and did not allege that the defendants had unauthorized possession or control of specifically identifiable funds allegedly converted (see Daub v Future Tech Enter., Inc., 65 AD3d 1004, 1006 [2009]; Selinger Enters., Inc. v Cassuto, 50 AD3d 766, 768 [2008]; Fiorenti v Central Emergency Physicians, 305 AD2d 453, 455 [2003]).
The Supreme Court also properly dismissed the third cause of action, which alleged breach of contract. The essential elements of a breach of contract cause of action are “the existence of a contract, the plaintiffs performance pursuant to the contract, the defendant’s breach of his or her contractual obligations, and damages resulting from the breach” (Dee v Rakower, 112 AD3d *839 204, 208-209 [2013]; see Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127 [2011]; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803 [2010]). “Generally, a party alleging a breach of contract must ‘demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement’ ” (Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 181-182 [2011], quoting American-European Art Assoc. v Trend Galleries, 227 AD2d 170, 171 [1996]). Moreover, “the plaintiff’s allegations must identify the provisions of the contract that were breached” (Barker v Time Warner Cable, Inc., 83 AD3d 750, 751 [2011]; see Peters v Accurate Bldg. Inspectors Div. of Ubell Enters., Inc., 29 AD3d 972, 973 [2006]). Here, the plaintiff failed to plead the material terms of the alleged oral loan agreement by which the defendants agreed to repay or reimburse him for his payment of expenditures for the property and boat. The plaintiffs allegations regarding the alleged oral agreement were too vague and indefinite to plead a breach of contract cause of action (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d at 182; Island Surgical Supply Co. v Allstate Ins. Co., 32 AD3d 824, 824 [2006]; Maldonado v Olympia Mech. Piping & Heating Corp., 8 AD3d 348, 350 [2004]; Nathan v J & I Enters., 212 AD2d 677 [1995]).
Moreover, the Supreme Court properly dismissed the fourth cause of action, which alleged constructive fraud, as it was not pleaded with the required specificity (see CPLR 3016 [b]; Orchid Constr. Corp. v Gottbetter, 89 AD3d 708, 710 [2011]; Morales v AMS Mtge. Servs., Inc., 69 AD3d 691, 692 [2010]; Eastman Kodak Co. v Roopak Enters., 202 AD2d 220, 222 [1994]), and only claimed a fraud related to an alleged breach of contract (see Treeline 990 Stewart Partners, LLC v RAIT Atria, LLC, 107 AD3d 788, 791 [2013]; Putnam County Sav. Bank v Aditya, 91 AD3d 840, 842 [2012]; Mendelovitz v Cohen, 37 AD3d 670, 671 [2007]; Schenkman v New York Coll. of Health Professionals, 29 AD3d 671, 672 [2006]).
However, the Supreme Court should not have dismissed the fifth cause of action, which sought the imposition of a constructive trust. The equitable remedy of a constructive trust may be imposed “ ‘[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest’ ” (Sharp v Kosmalski, 40 NY2d 119, 121 [1976], quoting Beatty v Guggenheim Exploration Co., 225 NY 380, 386 [1919]; see Simonds v Simonds, 45 NY2d 233, 241 [1978]; Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691 [2012]; Rowe v Kingston, 94 AD3d 852, 853 [2012]). “The elements of a cause of action to impose a constructive *840 trust are (1) the existence of a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment” (Dee v Rakower, 112 AD3d at 212; see Sharp v Kosmalski, 40 NY2d at 121; Quadrozzi v Estate of Quadrozzi, 99 AD3d at 691; Rowe v Kingston, 94 AD3d at 853). “To achieve equity and avoid unjust enrichment, the courts apply these factors flexibly rather than rigidly” (Mei Yun Chen v Mei Wan Kao, 97 AD3d 730, 730 [2012]; see Simonds v Simonds, 45 NY2d at 241; Quadrozzi v Estate of Quadrozzi, 99 AD3d 688 [2012]; Rowe v Kingston, 94 AD3d 852 [2012]).
Here, the plaintiff sufficiently alleged the existence of a confidential or fiduciary relationship with the defendants. The parties were related through marriage, and the plaintiff and Atanasio, along with their respective spouses, pooled their resources in order to purchase the residential property and the boat (see Birnbaum v Birnbaum, 73 NY2d 461, 465 [1989]; Tyree v Henn, 109 AD3d 906, 908 [2013]; Henning v Henning, 103 AD3d 778, 780 [2013]; Marini v Lombardo, 79 AD3d 932, 933-934 [2010]; Booth v Booth, 178 AD2d 712, 713 [1991]; cf. Gala v Magarinos, 245 AD2d 336 [1997]). Further, the plaintiff sufficiently pleaded the elements of a promise and a transfer in reliance on the promise. He alleged that, before he sold the defendants his interest in the property in November 2005, the defendants promised to reimburse him for the expenditures he made for the property and boat as long as he continued making those payments for one year after the sale of his interest. In reliance on this alleged promise and his confidential relationship with the defendants, he transferred his interest in the property to the defendants, and thereafter continued to make expenditures in connection with the property and boat. Finally, his allegations that he made all expenditures for the property and boat during a period of 71/2 years, and that the defendants refused to reimburse him, despite being co-owners of the property and boat and notwithstanding their promise, were sufficient to plead the unjust enrichment element necessary to the imposition of a constructive trust (see Levin v Kitsis, 82 AD3d 1051, 1053 [2011]; Plumitallo v Hudson Atl. Land Co., LLC, 74 AD3d 1038, 1039 [2010]; Cruz v McAneney, 31 AD3d 54, 59 [2006]). Accordingly, the Supreme Court should have denied that branch of the defendants’ motion which was to dismiss the fifth cause of action, which sought the imposition of a constructive trust.
Moreover, the Supreme Court, upon dismissing the second, third, and fourth causes of action, improperly did so “with prejudice.” A dismissal for failure to state a cause of action based *841 on the insufficiency of the allegations in the pleading is not a dismissal on the merits, and does not bar the adequate repleading of the claim in a subsequent action (see 175 E. 74th Corp. v Hartford Acc. & Indent. Co., 51 NY2d 585, 590 n 1 [1980]; Hae Sheng Wang v Pao-Mei Wang, 96 AD3d 1005, 1008 [2012]; Pereira v St. Joseph’s Cemetery, 78 AD3d 1141, 1142 [2010]; Sullivan v Nimmagadda, 63 AD3d 908, 909 [2009]; Janssen v Incorporated Vil. of Rockville Ctr., 59 AD3d 15, 24, 27-28 [2008]; cf. Pitcock v Kasowitz, Benson, Torres & Friedman, LLP, 80 AD3d 453, 454 [2011]). Since the court’s dismissal of the second, third, and fourth causes of action was based on the insufficiency of the allegations in the amended complaint, the dismissal was not on the merits, and the judgment should be modified by deleting the provisions thereof dismissing these causes of action “with prejudice.”
The plaintiffs remaining contentions are not properly before this Court, as they were improperly raised for the first time on appeal (see Daly v Kochanowicz, 67 AD3d 78, 98 [2009]).
Eng, EJ., Austin, Hinds-Radix and LaSalle, JJ., concur.