[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13895
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-03449-VMC-AEP

GILBERT ROMAN,

                                                        Plaintiff-Appellant,

versus

TYCO SIMPLEX GRINNELL,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 1, 2018)

Before WILSON, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Gilbert Roman, a pro se litigant, appeals the district court's dismissal with prejudice of his breach of oral contract, breach of implied contract, Trafficking Victims Protection Reauthorization Act ("TVRPA"), and Fair Labor Standards Act ("FLSA") claims.  On appeal, Roman argues that the district court denied him due process and erred in dismissing his complaint.  After careful review, we affirm.

I.

In 2016, Roman brought suit against his former employer, Tyco, alleging that Tyco breached an oral contract with him, and that he had been harassed and placed in unsafe conditions while working there.  The district court sua sponte dismissed Roman's complaint for failure to state a claim but granted him leave to amend.  The court provided Roman guidance on how he could amend his complaint to comply with the Federal Rules of Civil Procedure.  Roman filed three more amended complaints, all of which the district court dismissed with leave to amend, providing more direction each time on how Roman should amend his pleadings.

In June 2017, Roman filed a Fourth Amended Complaint.  In this version of his complaint, Roman raised four claims: (1) breach of oral contract; (2) breach of implied contract; (3) violations of the TVPRA; and (4) violations of the FLSA. Tyco filed a motion to dismiss, arguing that Roman's complaint still failed to state a claim for relief.  The district court partially granted Tyco's motion to dismiss,

2

concluding that Roman's first three claims were inadequate. But the court denied

Tyco's motion to the extent that Roman's fourth claim alleged he should have been

paid overtime for his time spent commuting between job sites.

Roman filed a Motion to Appeal and a Motion to Clarify. He sought to

appeal the district court's dismissal of his three claims. He also clarified that under

count 4, he only asked to be compensated for travel from his home to his first job

of the day, and from his last job of the day back to his home. This meant that the

entirety of Roman's count 4 claim was also covered by the district court's order

dismissing his claims with prejudice. The district court construed Roman's Motion

to Clarify as a notice of voluntary dismissal of any remaining claims and directed

the court to close the case. This appeal followed.

## II.

We review de novo an order granting a motion to dismiss for failure to state

a claim, accepting the facts alleged in the complaint as true and construing them in

the light most favorable to the plaintiff. Harris v. United Auto. Ins. Grp., 579 F.3d

1227, 1230 (11th Cir. 2009) (per curiam). We construe pro se pleadings liberally.

Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam). "[A] pro se

complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.

Ct. 2197, 2200 (2007) (per curiam) (quotation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Generally, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (quotation omitted and alteration adopted). A district court need not allow a plaintiff to amend his complaint if the plaintiff has repeatedly failed to cure previously identified deficiencies. Id.

### III.

First, Roman argues that he was denied due process of the law because the district court was not impartial, did not construe his pro se complaint liberally, and denied him the opportunity to present his case to a jury and enter evidence in the record. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (quotation omitted). In civil actions, a plaintiff's right to perform discovery and present his claims to a jury are not

4

absolute.  In particular, a motion to dismiss for failure to state a claim must be resolved before discovery begins.  That is because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true."  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).  As a result, "neither the parties nor the court have any need for discovery before the court rules on the motion."  Id.  In addition, a party's right to a trial by jury is not violated when a court dismisses his case for failure to state a claim.  See Garvie v. City of Ft. Walton Beach, 366 F.3d 1186, 1190 (11th Cir. 2004).

The district court did not violate Roman's right to due process.  Indeed the district court offered assistance to Roman: it permitted Roman to amend his complaint four times; it specifically identified deficiencies in the complaints that needed to be corrected; it informed Roman that he needed to lay out the elements for any claims he was asserting; and it set out the elements for claims that the court believed Roman wished to pursue.  Roman's argument that the district court failed to act impartially and consider his pro se status is therefore unpersuasive.  While it is true that the district court did not permit Roman to enter evidence into the record, it was not required to do so before ruling on the sufficiency of his complaint.  Chudasama, 123 F.3d at 1367.  And it was within the court's power to

5

dismiss Roman's claims without presenting them to a jury when it decided they failed as a matter of law.  See Garvie, 366 F.3d at 1190.

## IV.

Construing his argument liberally, Roman next asserts that the district court erred in concluding his claims failed to state a claim for which relief could be granted.  We will address each of his claims in turn.

## A.

A valid contract under New York law requires an offer, acceptance, consideration, mutual assent, and intent to be bound.[1]  Kowalchuk v. Stroup, 873 N.Y.S.2d 43, 46 (N.Y. App. Div. 2009).  The essential elements of an action for breach of contract under New York law are: (1) formation of a contract between the parties; (2) performance by one party; (3) non-performance by the other party; and (4) resulting damages.  Dee v. Rakower, 976 N.Y.S.2d 470, 474 (N.Y. App. Div. 2013).  A contract implied-in-fact requires many of the same elements as any contract, although "the agreement and promise have simply not been expressed in words."  See Maas v. Cornell Univ., 721 N.E.2d 966, 969 (N.Y. 1999) (quotation omitted).  There can be no legally enforceable contract if the material terms of an agreement are vague and uncertain.  Joseph Martin, Jr., Delicatessen, Inc. v. Schumacher, 417 N.E.2d 541, 543 (N.Y. 1981).  Every

---

[1] Roman brought his contract claims under New York law.

6

contract includes an implied obligation of good faith that neither party will intentionally and purposely do anything to stop the other party from carrying out their part of the agreement.  Grad v. Roberts, 198 N.E.2d 26, 28 (N.Y. 1964). There can be no implied obligation of good faith if no contract exists.  Levine v. Yokell, 685 N.Y.S.2d 196, 196–97 (N.Y. App. Div. 1999).

Roman raised two claims under a theory of contract: breach of oral contract and breach of implied contract.  First, Roman alleged that Tyco breached an oral contract with him by promising him substantial prevailing wage work but not providing it for the first eight months of his employment.  However, despite being warned by the district court, Roman did not state clearly how much prevailing work he had been promised or how much prevailing work, if any, he was eventually given.  Under New York law, contracts must be reasonably certain in their material terms to be enforceable.  Joseph Martin, Jr., Delicatessen, Inc., 417 N.E.2d at 543–44.  The district court did not err in dismissing with prejudice Roman's claim for breach of oral contract.  See Bryant, 252 F.3d at 1163.

Roman's second claim, for breach of an implied contract faces similar problems.  Roman alleged that Tyco breached an implied contract when it implemented a program to pay inspectors commission.  Because Roman alleged a contract implied-in-fact, under New York law, he was required to allege all of the elements of a contract.  See Maas, 721 N.E.2d at 969–70.  But Roman did not

7

allege that he entered into any sort of agreement with Tyco, or what type of consideration was exchanged between the parties. His failure to allege with specificity that a contract was in fact formed (as opposed to Tyco unilaterally implementing a commission program) after being warned of his need to do so supported the dismissal of this claim with prejudice. See Bryant, 252 F.3d at 1163.

B.

The TVPRA makes it unlawful for any person to "knowingly provide[] or obtain[] the labor or services of a person . . . by means of serious harm or threats of serious harm to that person or another person." 18 U.S.C. § 1589(a)(2). The term "serious harm" is defined as:

> any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

Id. § 1589(c)(2).

Roman alleged that Tyco violated the TVPRA when it threatened him with termination for not performing a job about which he expressed safety concerns. Although Roman argues that the threat of termination qualified as a serious harm under the TVPRA, he does not explain how the potential financial harm he might have suffered would be any more serious than the financial harm any employee encounters when faced with termination. Roman also did not explain how Tyco's

8

threats led to his forced labor.  See Headley v. Church of Scientology Int'l, 687 F.3d 1173, 1179 (9th Cir. 2012) (requiring a showing that labor was obtained "by means of" a threat of serious harm to state a claim under the TVPRA).  The district court pointed out the deficiencies in Roman's TVPRA claim, so when he failed to correct those deficiencies, the court did not err in dismissing this claim with prejudice.  See Bryant, 252 F.3d at 1163.

### C.

The FLSA requires employers to pay covered employees for hours worked in excess of 40 per week at one-and-one-half times the employee's regular pay rate.  29 U.S.C. § 207(a)(1).  The Portal-to-Portal Act identifies activities that are not compensable under the FLSA.  Bonilla v. Baker Concrete Constr., Inc., 487 F.3d 1340, 1342 (11th Cir. 2007).  For example, "traveling to and from the actual place of performance of the principal activity" of an employee is not compensable. 29 U.S.C. § 254(a)(1).

In a filing in the district court, Roman made clear he is only seeking overtime compensation for travel time from his home to his first job site and from his last job site back to his home.  Because such travel is specifically exempted from FLSA overtime requirements, the district court did not err in dismissing Roman's FLSA claim.  See Bryant, 252 F.3d at 1163

V.

The district court did not deny due process to Roman when it dismissed his claims in the fourth amended complaint. We therefore affirm its decision.

**AFFIRMED.**