Legum v Russo (2019 NY Slip Op 04928)





Legum v Russo


2019 NY Slip Op 04928


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-08094
 (Index No. 9204/12)

[*1]Steven G. Legum, etc., appellant, 
v
Joe Russo, et al., respondents (and a third-party action).


Steven G. Legum, Mineola, NY, appellant pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 12, 2016. The judgment, insofar as appealed from, upon an order of the same court entered May 2, 2016, inter alia, granting that branch of the defendants' motion which was for summary judgment dismissing the second cause of action, is in favor of the defendants and against the plaintiff dismissing the second cause of action.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendants' motion which was for summary judgment dismissing the second cause of action is denied, the second cause of action is reinstated, and the order entered May 2, 2016, is modified accordingly.
In July 2011, Len Lombardo and the defendant RKJ Group, Inc. (hereinafter RKJ), entered into an agreement (hereinafter the asset agreement) for the purchase of Lombardo's rights, title, and interest, "if any," in and to the tangible property located in a restaurant and comedy club in Huntington. In June 2012, the plaintiff acquired Lombardo's rights under the asset agreement and demanded payment of an outstanding sum thereunder. The plaintiff subsequently commenced this action against RKJ, among others, asserting two causes of action in a second amended complaint. The second cause of action sought damages for breach of the asset agreement.
In January 2016, the defendants moved for summary judgment dismissing the second amended complaint. In an order entered May 2, 2016, the Supreme Court, inter alia, granted the defendants' motion. A judgment dismissing the second amended complaint was subsequently entered upon the order. The plaintiff appeals from so much of the judgment as dismissed the second cause of action.
The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach (see Canzona v Atanasio, 118 AD3d 837, 838; Dee v Rakower, 112 AD3d 204, 208-209; Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc., 84 AD3d 122, 127).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second cause of action. Specifically, the defendants argued that [*2]Lombardo did not perform pursuant to the asset agreement because he could not deliver the tangible property located in the restaurant. The restaurant's landlord allegedly had seized the property due to Lombardo's failure to pay rent. In support of their contention, the defendants submitted a petition dated June 24, 2011, filed by the landlord to recover possession of the restaurant, and a warrant of eviction issued on September 14, 2011, upon entry of a judgment in favor of the landlord. However, since the landlord's seizure of the property postdated the execution date of the asset agreement, the documents submitted by the defendants failed to demonstrate that Lombardo was prevented from performing under the asset agreement. Thus, we disagree with the Supreme Court's determination to award the defendants summary judgment dismissing the second cause of action, which was based solely on the court's conclusion that Lombardo did not, and could not, perform under the asset agreement.
Since the defendants' submissions were insufficient to satisfy their prima facie burden, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the second cause of action, regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., COHEN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court