Magee-Boyle v Reliastar Life Ins. Co. of N.Y. (2019 NY Slip Op 05118)





Magee-Boyle v Reliastar Life Ins. Co. of N.Y.


2019 NY Slip Op 05118


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-04452
 (Index No. 605983/15)

[*1]Laurie Ann Magee-Boyle, et al., appellants, 
v
Reliastar Life Insurance Company of New York, et al., respondents.


Weg and Myers, P.C., New York, NY (Dennis T. D'Antonio and Joshua L. Mallin of counsel), for appellants.
O'Toole + O'Toole PLLC, Katonah, NY (Andrew D. O'Toole of counsel), for respondent Reliastar Life Insurance Company of New York.
Winget, Spadafora & Schwartzberg, LLP, New York, NY (Steven E. Mellen of counsel), for respondent Eastern Planning, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Timothy S. Driscoll, J.), entered April 15, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Reliastar Life Insurance Company of New York which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against it, and granted that branch of the motion of the defendant Eastern Planning, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant Reliastar Life Insurance Company of New York which was pursuant to CPLR 3211(a) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against it is denied, and that branch of the motion of the defendant Eastern Planning, Inc., which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it is denied.
This dispute between the plaintiffs, who are the cotrustees of the Patrick Magee Irrevocable Trust, and the defendants, Reliastar Life Insurance Company of New York (hereinafter Reliastar) and Eastern Planning, Inc. (hereinafter Eastern), arises from Reliastar's cancellation of a universal life insurance policy insuring the life of Patrick J. Magee. The policy was procured through Eastern.
The plaintiffs commenced this action against the defendants seeking, inter alia, damages for breach of contract against Reliastar and damages for negligence and negligent misrepresentation against Eastern arising from the cancellation of the policy.
Reliastar moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the cause of action to recover damages for breach of contract insofar as asserted against it, and Eastern moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted [*2]against it. The Supreme Court granted those branches of the motions.
The plaintiffs sufficiently alleged a cause of action to recover damages for breach of contract against Reliastar (see CPLR 3211[a][7]). On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint must be construed liberally, the factual allegations in the complaint must be deemed to be true, and the nonmoving party must be given the benefit of all favorable inferences (see Leon v Martinez, 84 NY2d 83, 87). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19).
"The essential elements of a breach of contract cause of action are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Canzona v Atanasio, 118 AD3d 837, 838, quoting Dee v Rakower, 112 AD3d 204, 208-209). Applying these principles here, we find that, within its four corners, the complaint sufficiently alleges the elements of a breach of contract cause of action against Reliastar necessary to survive a motion to dismiss pursuant to CPLR 3211(a)(7) (see Dee v Rakower, 112 AD3d at 208).
Moreover, that branch of Reliastar's motion which was pursuant to CPLR 3211(a)(1) should have been denied. "To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). "In order for evidence to qualify as documentary,' it must be unambiguous, authentic, and undeniable" (Granada Condominium III Assn. v Palomino, 78 AD3d 996, 996-997; see First Choice Plumbing Corp. v Miller Law Offs., PLLC, 164 AD3d 756, 757; Fontanetta v John Doe 1, 73 AD3d 78, 86). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable, would qualify as documentary evidence in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85 [internal quotation marks omitted]). "Conversely, letters, emails, and affidavits fail to meet the requirements for documentary evidence" (25-01 Newkirk Ave., LLC v Everest Natl. Ins. Co., 127 AD3d 850, 851; see Phillips v Taco Bell Corp., 152 AD3d 806, 807; Prott v Lewin & Baglio, LLP, 150 AD3d 908, 909; Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 682). Here, in support of that branch of its motion which was pursuant to CPLR 3211(a)(1), Reliastar submitted the policy and certain policy notices, which, according to Reliastar, refuted the plaintiffs' contention that the policy cancellation was the result of Reliastar's breach of its obligations under the policy. The policy notices, however, were, in effect, letters, which fail to meet the requirements for documentary evidence within the meaning of CPLR 3211(a)(1) (see Prott v Lewin & Baglio, LLP, 150 AD3d at 910; Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d at 682). Under the circumstances, Reliastar did not conclusively establish a defense as a matter of law or utterly refute the plaintiffs' factual allegations (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326).
With respect to that branch of Eastern's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it for failure to state a cause of action, we disagree with the Supreme Court's determination that the complaint failed to state a cause of action for negligence and negligent misrepresentation against Eastern. Accepting the allegations in the complaint as true and affording the plaintiffs the benefit of all favorable inferences that flow therefrom, the complaint adequately alleged causes of action to recover damages against Eastern for negligence (see Marasco v C.D.R. Elecs. Sec. & Surveillance Sys. Co., 1 AD3d 578, 580; Gordon v Muchnick, 180 AD2d 715) and negligent misrepresentation (see Lamberti v Plaza Equities, LLC, 161 AD3d 837, 839-840; Simmons v Allstate Indem. Co., 112 AD3d 611).
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court