Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc. (2021 NY Slip Op 05547)





Friends of Wickers Cr. Archeological Site, Inc. v Landing on the Water at Dobbs Ferry Homeowners Assn., Inc.


2021 NY Slip Op 05547


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-11923
 (Index No. 68836/17)

[*1]Friends of Wickers Creek Archeological Site, Inc., respondent, 
v
Landing on the Water at Dobbs Ferry Homeowners Association, Inc., appellant.


Braverman Greenspun, P.C., New York, NY (Jon Kolbrener of counsel), for appellant.
Pace Environmental Litigation Clinic, Inc., White Plains, NY (Todd D. Ommen of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract and for declaratory and injunctive relief, the defendant appeals from an order of the Supreme Court, Westchester County (Sam D. Walker, J.), dated September 28, 2018. The order denied the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff is a not-for-profit corporation whose purpose is to protect and conserve an historic Native American archaeological site near Wickers Creek in Dobbs Ferry. In November 2017, the plaintiff commenced this action against the defendant to recover damages for breach of contract and for declaratory and injunctive relief, seeking to enforce its rights under a so-ordered stipulation settling a prior action in which the defendant's predecessor in interest agreed to provide permanent public access to certain tracts of land, which it then owned. The plaintiff alleged that the defendant, the current owner of the subject property, had restricted access to the subject tracts of land in breach of the stipulation. The defendant moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court denied the motion, and the defendant appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Mawere v Landau, 130 AD3d 986, 987 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). In considering a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), "the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Mawere v Landau, 130 AD3d at 988 [internal quotation marks omitted]). Where, as here, evidentiary material was submitted and considered on the motion to dismiss and the motion was not converted into one for summary judgment, "'the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff [*2]to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate'" (U.S. Bank N.A. v Herman, 174 AD3d 831, 832, quoting Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
Here, the Supreme Court properly denied the defendant's motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The defendant failed to proffer documentary evidence that utterly refuted the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326-327; Hall v Hobbick, 192 AD3d 776, 778).
Further, "[t]he essential elements of a breach of contract cause of action are 'the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of his or her contractual obligations, and damages resulting from the breach'" (Canzona v Atanasio, 118 AD3d 837, 838, quoting Dee v Rakower, 112 AD3d 204, 208-209). Applying these principles here, the complaint sufficiently alleges the elements of a breach of contract cause of action necessary to survive a motion to dismiss pursuant to CPLR 3211(a)(7) (see Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d 1157, 1159; Dee v Rakower, 112 AD3d at 208). The evidence submitted by the defendant did not demonstrate that the plaintiff did not have a cause of action to recover damages for breach of contract or for declaratory and injunctive relief (see Stewart v Berger, 192 AD3d 940; Magee-Boyle v Reliastar Life Ins. Co. of N.Y., 173 AD3d at 1159).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court